**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENHUI DONG, | No. 08-71855 |
| Petitioner, | Agency No. A099-398-836 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Wenhui Dong, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence does not support the IJ's adverse credibility determination because the IJ's finding that Dong conceded the identification number on his college massage certificate was fraudulent ignores Dong's testimony that he did not know why the college identification number was given to him that way. *See Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052-54 (9th Cir. 2002) (rejecting the BIA's reliance on "perceived inconsistencies not based on the evidence"). Moreover, the IJ engaged in impermissible speculation regarding whether the college Dong attended uses the national identification number as the student identification number, what documents are required to register for medical school, and how difficult it would be to register for medical school using a false date of birth. *See Li v. Holder*, 559 F.3d 1096, 1103-07 (9th Cir. 2009); *Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir. 2004) ("[U]nclear testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony.").

Accepting Dong's testimony as credible, the record does not compel the conclusion that Dong's job loss and the imposition of a fine to register his daughter

in his household rise to the level of persecution or demonstrate a well-founded fear of persecution on account of his violation of China's family planning policy. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178-80 (9th Cir. 2004) ("[M]ere economic disadvantage alone does not rise to the level of persecution.").

The record does compel the conclusion Dong suffered past persecution on account of his religion when he was arrested during a seven-day detention, he was kicked to the ground and then beaten with a rubber baton and kicked until he almost lost consciousness, and he was forced to sign a letter agreeing not to participate in any more illegal religious meetings and to submit to supervision upon request. *See Guo*, 361 F.3d at 1197, 1203 (finding of persecution compelled where petitioner was detained for a day and a half, punched in the face twice, kicked while he lay on the floor, and forced to sign an affidavit promising not to believe in an "evil religion" again).

Because Dong established past persecution, he is entitled to a presumption that he has a well-founded fear of future persecution on the basis of his religion. *See Ahmed v. Keisler*, 504 F.3d 1183, 1197 (9th Cir. 2007). We remand for the agency to decide in the first instance whether the government has met its burden to rebut this presumption. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Dong failed to establish it is more likely than not he will be tortured if returned to China. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**